UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SALVATORE J. SOWELL,

      Plaintiff,

v.

U.S. DISTRICT COURT EAST AND
WEST DIVISION, *et al.*,

      Defendants.

Civil Action 2:24-cv-3916
Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Plaintiff, Salvatore J. Sowell, proceeding without assistance of counsel, filed his Complaint on September 6, 2024, without paying the requisite filing fee or moving to proceed in forma pauperis. (*See* ECF Nos. 1, 2.) Plaintiff then filed an Amended Complaint and a Motion to Proceed *in forma pauperis*. (ECF Nos. 3, 4.) After an initial screen of Plaintiff's Amended Complaint, the undersigned recommended that Plaintiff's Motion to Proceed *in forma pauperis* be denied, and that he be ordered to pay the $405 filing fee. (R&R, ECF No. 5.) On June 2, 2025, the District Judge adopted the undersigned's Report and Recommendation and ordered Plaintiff to pay the $405.00 filing fee within 30 days. (Order, ECF No. 7.) After Plaintiff failed to timely pay the fee, and after the June 2, 2025 Order was returned the Court as undeliverable, the Court ordered Plaintiff on July 14, 2025, to show cause within fourteen days why this action should not be dismissed for failure to prosecute based on his failure to timely pay the filing fee or to provide the Court with an updated mailing address. (ECF No. 9) Plaintiff was cautioned that failure to

pay the filing fee or update his address with the Court may result in a dismissal of his action. (*Id.*)

The Show Cause order was also returned as undeliverable (ECF No. 10), and to date, Plaintiff has neither responded to the Show Cause Order, nor paid the filing fee, nor provided the Court with an updated address.

Under the circumstances, the undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff failed to comply with the Court's orders instructing him to pay the filing fee and update his address. (*See* ECF No. 7, 9.) Moreover, the Court explicitly cautioned Plaintiff in the July 14, 2025 Order that payment of the fee and an updated address was necessary for the case to proceed. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff's failure to timely comply with the clear order of the Court, which established a reasonable deadline for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed deadlines and disregarded the Court's orders, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

3

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE